**WILSON v. CROOKS, Collector of Internal Revenue.**

No. 7842.

District Court, W. D. Missouri, W. D. Sept. 16, 1931.

Watson, Gage, Ess, Groner & Barnett, of Kansas City, Mo., for plaintiff.

Wm. L. Vandeventer, U. S. Atty., and Claude E. Curtis, Asst. U. S. Atty., both of Kansas City, Mo., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Percia E. Miller, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

OTIS, District Judge.

This is an action to recover from defendant the sum of $3,696, with interest, claimed by the plaintiff to have been unlawfully and wrongfully assessed and collected as a federal estate tax.

While specific findings of facts will be made hereinafter, the facts, stated generally, are as follows:

Upon the organization of the Kansas City Star Company, all of the authorized common stock of that company was issued to the New England National Bank & Trust Company under a stock trust indenture entered into by and between various persons, including Irwin R. Kirkwood, all of whom were connected with the Kansas City Star, by the provisions of which stock trust indenture certificates of ownership of participating interest in the common stock of the Kansas City Star Company were issued to the New England National Bank & Trust Company. Officers and employees of the Kansas City Star Company were permitted to own shares of that participating interest. The stock trust indenture provided that, upon the death or termination of employment with the Kansas City Star Company of any officer or employee, the remaining officers and employees of the Kansas City Star Company should have the option and privilege of purchasing his participating interest.

Irwin R. Kirkwood owned 12,516 shares of a total of 25,000 shares of participating interest.

In order that the officers and employees of the Kansas City Star Company might, in the event of the death of Kirkwood, be enabled to exercise their option to purchase the shares of participating interest owned by him at the time of his death, the Kansas City Star Company, acting through its board of directors, arranged with Kirkwood that he should apply for insurance on his life in the total amount of $625,000. The premiums on the insurance policies so obtained were to be paid by the Star Company. An insurance trust agreement was entered into between Kirkwood and the Kansas City Star Company, by the terms of which all of the proceeds of the insurance policies to be taken out on the life of Kirkwood should be paid, in the event of Kirkwood's death, to the New England National Bank & Trust Company in Kansas City, which was named in the trust agreement as trustee, and were to be applied in the purchase for and on behalf of those entitled to purchase under the stock trust indenture the participating interest of Kirkwood in the common stock of the Kansas City Star Company.

Applications for insurance to various companies were made by Kirkwood, policies were issued, some payable to his estate and some payable to the trustee named in the insurance trust agreement, and all were delivered to and held by the Kansas City Star Company, which paid all premiums upon the policies as they became due. Upon the death of Kirkwood the amounts due under the insurance policies were paid to the trustee named in the insurance trust agreement and were used as was contemplated in that agreement in the purchase from the estate of Kirkwood of his participating interest in the common stock of the Star Company. After the death of Kirkwood, upon inquiry being made by the trustee as to whether the proceeds of the insurance policies involved in the insurance trust agreement were subject to an

estate tax, the Commissioner of Internal Revenue ruled as follows: "A careful study has been made of the trust indentures involved, together with the policies of insurance and the manner in which the premiums on the insurance were paid, and the Bureau rules that the insurance in question does not come within the provisions of section 302(g) of the Revenue Act of 1926, and that accordingly the insurance or any part thereof, forms no part of the gross estate for the purpose of the federal estate tax." This ruling was made November 14, 1927.

The ruling of November 14, 1927, was revoked on January 8, 1929, when it was ruled that the estate of Kirkwood was subject to a tax on account of the insurance here involved to this extent, that the estate was liable for a tax upon such proportion of the whole insurance involved as the stock held by Kirkwood bore to the whole stock of the Kansas City Star Company, less a $40,000 statutory exemption. The tax upon that proportion of the insurance was then paid under protest by the plaintiff.

Section 301(a) of the Revenue Act of 1926 (26 USCA § 1092) provides for an estate tax "upon the transfer of the net estate of every decedent dying after the enactment of this act."

Section 302 of the Revenue Act of 1926 (26 USCA § 1094) provides that the value of the gross estate of the decedent shall be determined by including "the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated."

Subdivision (g) of section 302 (26 USCA § 1094(g) provides as follows: "To the extent of the amount receivable by the executor as insurance under policies taken out by the decedent upon his own life; and to the extent of the excess over $40,000 of the amount receivable by all other beneficiaries as insurance under policies taken out by the decedent upon his own life."

In other words, the applicable statutes provide that in determining the value of the gross estate of a decedent there shall be included the amounts received by his executor as insurance under policies taken out by the decedent upon his own life and also, after allowing an exemption in the amount of $40,000, the amounts receivable by all beneficiaries, other than the estate of the insured, as insurance under policies taken out by the decedent upon his own life.

Article XXV of Regulation 70, issued by the Commissioner of Internal Revenue, interpreting and construing section 302(g), provides that "insurance is deemed to be taken out by the decedent in all cases where he pays all the premiums, either directly or indirectly, whether or not he makes the application. On the other hand, the insurance is not deemed to be taken out by the decedent, even though the application is made by him, where all the premiums are actually paid by the beneficiaries. Where a portion of the premiums were paid by the beneficiary and the remaining portion by the decedent the insurance will be deemed to have been taken out by the latter in the proportion that the premiums paid by him bear to the total of premiums paid."

Obviously the principal question to be answered in this case, in the application of section 302(g) and of article XXV of Regulation 70 to the facts, is this question, Was the insurance here taken out by the decedent within the meaning of that phrase as it is used in section 302(g)?

█ The insurance was taken out by the decedent as article XXV of Regulation 70 construes the phrase "taken out" if the premiums were paid by the decedent, either directly or indirectly. My view from a consideration of the testimony is that premiums on policies of insurance involved here were not paid, either directly or indirectly, by the decedent.

██ The theory upon which the tax was assessed obviously was this: That, since the premiums were paid by the Kansas City Star Company, and since Kirkwood was an owner of stock in that company, payment by the company of premiums was a payment by the stockholder, therefore Kirkwood, of a part of the total of the premiums paid; the stockholder's payment being such proportion of the total as the amount of stock held by him bore to all the stock. In other words, the theory is that, if A holds 25 shares of a total of 100 shares in X company and if X Company pays $100 insurance premium on a policy on the life of A, then A has, at least indirectly, paid $25 of that premium. I think this theory is untenable. A corporation is a separate entity from any of its stockholders. A payment by a corporation is in no

sense a payment by the stockholders of the corporation.

The second part of article XXV of Regulation 70, wherein it is declared that "insurance is not deemed to be taken out by the decedent * * * where all the premiums are actually paid by the beneficiary," does not, of course, quite fit the facts here. Premiums were paid here by the Kansas City Star Company. The Kansas City Star Company was not the beneficiary in the insurance policies issued on Kirkwood's life. The beneficiaries named in the policies were either the estate of Kirkwood or a trustee for officers and employees of the Kansas City Star Company other than Kirkwood. As to the policies in which Kirkwood's estate was named as beneficiary, his estate was only nominally beneficiary. The effect of the insurance trust agreement was to make as to those policies, as well as to all others, the officers and employees of the Kansas City Star Company the real beneficiaries. The insurance premiums then were paid neither by the beneficiaries nor by the decedent, but were paid by the Kansas City Star Company for and on behalf of the beneficiaries. There can be no conceivable distinction in principle between a case in which the beneficiaries pay the premiums and a case in which some other than the insured pays the premiums for and on behalf of the beneficiaries. In neither case are the premiums paid by the insured. It is the payment of premiums by the insured which results in the inclusion of the proceeds of insurance policies in the gross estate of the insured.

As to all of the policies involved in this case, the premiums were not paid by the insured, and he could not, by reason of the insurance trust agreement, divert the proceeds of insurance policies in the event of his death either to his estate or to any other than those intended as recipients of those proceeds pursuant to the insurance trust agreement. Where such are the facts, section 302(g) does not have the effect of including the proceeds of insurance policies in the gross estate of the insured.

Since there is no contention made by the defendant that any provision of law other than section 302(g) has the effect of bringing the proceeds of the policies involved here into the gross estate of the decedent so as to subject them to an estate tax, the judgment in this case should be for the plaintiff.